Lanny J. McCALEB, an individual;  Malcom I. Henry, Sr., an individual;  Tom Cornelius, an individual, William Lamar O'Farrell, an individual;  Joan O'Farrell, an individual;  Alta S. Barnett, an individual, Robert Vernon Barnett, Jr., an individual;  and Jimmy C. Romine, an individual, Plaintiffs-Appellants,

v.

A.O. SMITH CORPORATION, A.O. Smith Harvestore Products Inc., and A.O. Smith Corporation, d/b/a A.O. Smith Harvestore Products, Inc., Defendants-Appellees.

No. 99-12901

Non-Argument Calendar.

United States Court of Appeals,

Eleventh Circuit.

Jan. 12, 2000.

Appeal from the United States District Court for the Northern District of Alabama.  (No. 98-01431-CV-J-J), Inge P. Johnson, Judge.

Before BIRCH, CARNES and WILSON, Circuit Judges.

WILSON, Circuit Judge:

This is an appeal from the district court's grant of summary judgment for A.O. Smith Corporation and A.O. Smith Harvestore Products, Inc. For the reasons below, we affirm.

I. BACKGROUND

Lanny J. McCaleb;  Malcom I. Henry, Sr.;  Tom Cornelius;  William Lamar O'Farrell;  Joan O'Farrell; Alta Barnett;  Robert Barnett and Jimmy C. Romine, Appellants, are farmers (hereinafter referred to collectively as "the farmers").  A.O. Smith Corporation ("A.O.Smith") designs, manufactures and markets farm equipment and other products.  A.O. Smith Harvestore Products, Inc. ("A.O. Smith Harvestore") was a subsidiary of and is now a division of A.O. Smith.

The farmers allege that the Appellees contacted them regarding the lease or purchase of Harvestore silos to store feed for their livestock and represented that the silos were "oxygen limiting." The farmers claim that these representations were fraudulent, that they purchased or leased Harvestore systems based on these representations, and that A.O. Smith and A.O. Smith Harvestore engaged in a "pattern of racketeering

activity" in violation of 18 U.S.C. § 1962(c). The farmers allege that as a direct and proximate cause of the actions of A.O. Smith and A.O. Smith Harvestore they experienced depressed milk production, breeding problems with their livestock, deteriorated physical condition of the dairy herds, decreased income from lower production, and added costs of dealing with the developing problems with the herd and the costs of the Harvestore lease.

A.O. Smith and A.O. Smith Harvestore moved for summary judgment, and the district court granted their motion. This appeal followed. The issue on appeal is whether the district court erred in granting summary judgment because the RICO claims were time-barred and because the record did not contain any evidence of injury or damages. We determine that the civil RICO actions of all farmers except Jimmy Romine were time-barred under the applicable statute of limitations. Therefore, we need not reach the issue of whether the record contains evidence of injury or damage. However, with respect to Romine's action, we determine that the absence of evidence regarding an essential element of the case supports summary judgment.

## II. DISCUSSION

*Standard of Review*

We review a district court's application of a statute of limitations and its grant of summary judgment *de novo.* We apply the same standard used by the district court. *M.H.D. v. Westminster Schools,* 172 F.3d 797, 802 n. 13 (11th Cir.1999). Summary judgment is appropriate when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c).

*RICO*

The farmers allege that A.O. Smith and A.O. Smith Harvestore "participated in the conduct of the affairs of the enterprise through a pattern or [sic] racketeering activity, in violation of 18 U.S.C. § 1962(c)." Section 1962 is known as the Racketeer Influenced and Corrupt Organizations Act (RICO) and "makes it a crime 'to conduct' an 'enterprise's affairs through a pattern of racketeering activity.' " *Klehr v. A.O. Smith Corp.,* 521 U.S. 179, 183, 117 S.Ct. 1984, 138 L.Ed.2d 373 (1997). "Racketeering activity" is any activity

that violates certain enumerated laws, including certain types of fraud. *See id.* (citing 18 U.S.C. § 1961(1)). A "pattern" is established by "at least two acts of racketeering activity ... the last of which occurred within ten years ... after the commission of a prior act of racketeering activity." *Klehr,* 521 U.S. at 183, 117 S.Ct. 1984 (citing 18 U.S.C. § 1961(5)).

*Civil RICO Statute of Limitations*

Section 1964(c) is known as the civil RICO provision. It permits " '[a]ny person injured in his business or property by reason of a violation' of RICO's criminal provisions to recover treble damages and attorney's fees." *Klehr,* 521 U.S. at 183, 117 S.Ct. 1984 (quoting 18 U.S.C. § 1964(c)). The statute of limitations for civil RICO actions is four years. *See Klehr,* 521 U.S. at 183, 117 S.Ct. 1984. A civil RICO action "begins to accrue as soon as the plaintiff discovers, or reasonably should have discovered, both the existence and source of his injury and that the injury is part of a pattern." *Bivens Gardens Office Bldg., Inc. v. Barnett Bank, Inc.,* 906 F.2d 1546, 1554-55 (11th Cir.1990). This requirement is in accordance with the four year statute of limitations established by the United States Supreme Court because it requires "plaintiffs to pursue the civil RICO remedy within four years of the time when they discovered, or reasonably should have discovered, that they are entitled to civil RICO damages for their injury." *Id.* at 1555. The farmers filed their cause of action on June 4, 1998. To determine whether their cause of action is time-barred because it began to accrue before June 4, 1994, four years preceding the filing of the action, we must make two inquiries: (1) when did the farmers discover or when reasonably should they have discovered A.O. Smith and A.O. Smith Harvestore as the sources of the alleged injuries to their livestock and milk production; and (2) when did the farmers discover or when reasonably should they have discovered that the alleged misrepresentations about the oxygen-limiting capabilities of the silos that caused the alleged injuries to their livestock and milk production were part of a pattern of racketeering activity?

The farmers contend that they could not ascertain the source of their alleged injuries because of the misrepresentations of A.O. Smith and A.O. Smith Harvestore. This contention is unpersuasive. It is undisputed that A.O. Smith and A.O. Smith Harvestore sold the silos to the farmers. Therefore, they can be

the only source to which the alleged injuries can be traced.

The record demonstrates that each farmer should have known that the alleged misrepresentations causing their injuries were part of a pattern of racketeering. They allege that they received advertising and magazines containing representations about the Harvestore silos' oxygen-limiting capabilities. They also allege that A.O. Smith and A.O. Smith Harvestore repeatedly made fraudulent misrepresentations about the silos' oxygen-limiting capacities. We agree with the district court that they should have discovered the pattern upon which their RICO claims are premised at the same time that they should have discovered their alleged injuries. *See, e.g., Klehr v. A.O. Smith Corp.,* 87 F.3d 231, 239 (8th Cir.1996), *aff'd,* 521 U.S. 179, 117 S.Ct. 1984, 138 L.Ed.2d 373 (1997) (plaintiffs received "numerous promotional materials and advertisements" that should have put them on notice that the misrepresentations were part of a pattern of racketeering activity).

In our inquiry regarding when the source of the alleged injuries and the pattern of racketeering should have been discovered, we examine the record and consider each farmer individually because each had a different experience with the Harvestore silos.

Malcolm Henry testified that he discontinued using the silos in 1983 for reasons unrelated to the silos. He was satisfied with the silos. In 1983, he knew that oxygen was entering one of the silos after he discovered that the feed inside was on fire. He reasonably should have discovered the source of his alleged injuries in 1983. He had until 1987 to file his RICO claim. He failed to do so; thus, his action is time-barred.

Tom Cornelius testified that he saw blackened corn in his silo in the mid-1980's and a Harvestore salesman told him that oxygen was entering the silo through the unloader door. Mr. and Mrs. Barnett first noticed discolored corn from the silo in the mid to late 1980's, perhaps in 1984. Construing the evidence in the light most favorable to the farmers, if we assume that they first saw the blackened corn in the late 1980's, for example 1987, then they had until 1991 to file their claim. Their failure to do so renders the claims time-barred.

Lanny McCaleb testified that the quality of the feed in the silos met his expectations. He had mechanical problems with the silo's unloader and steel floor, which were unrelated to the allegations against

the appellants. McCaleb used the silo from 1980-1984. He stopped using the silo in 1984 due to the cost of repairs. He testified that he did not know that the silo was not oxygen-limiting until he had notice of the class-action lawsuit. There were never any problems with the quality of his feed, but he noticed mold and spoilage. The most favorable construction of the evidence suggests that he should have discovered the source of his alleged injuries in 1984 when he stopped using the silo. He had until 1988 to file his claim. His failure to do so renders the claim time-barred.

Mr. and Mrs. O'Farrell used their silos for thirteen years. During this period, they were satisfied with them. They stopped using them in 1983 or 1984 when they sold their herd. In retrospect, Mr. O'Farrell believes that problems with the feed may have caused declines in his herd's milk production during the 1970s. From 1972-1984, he saw some mold coming out of the silo. Even the most generous construction of the evidence would require the O'Farrells to have discovered their alleged injuries' source and the pattern of conduct to which it is traced in 1984 when they sold their herd. They had until 1988 to file their action. Because they did not, it is time-barred.

The civil RICO claims of all farmers except Jimmy Romine are time-barred. The farmers did not investigate the problems with the feed or try to ascertain their cause. The limitations period for civil RICO claims was not tolled because the farmers were not reasonably diligent in trying to discover their cause of action. *See Klehr v. A.O. Smith Corp.,* 521 U.S. 179, 194, 117 S.Ct. 1984, 138 L.Ed.2d 373 (1997) (lack of reasonable diligence precludes tolling of statute of limitations based on fraudulent concealment).

Jimmy Romine used his silo from 1984 until 1998 when he sold his hog business. He was satisfied with the quality of the feed and even had it tested periodically. The tests never indicated damage to the feed. He first saw black kernels of corn and water coming out of the silo in 1998. His civil RICO claim was filed in 1998. Although his claim is not time-barred, the record indicates that he cannot demonstrate an essential element of the cause of action. Summary judgment is proper when the movant shows an absence of evidence to support an essential element of the nonmovant's case. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). There is no liability if a RICO violator has not caused injury. *See Bivens*

*Gardens Office Bldg., Inc. v. Barnett Bank,* 906 F.2d 1546, 1550 n. 7 (11th Cir.1990) (quoting *Sedima,*

*S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496-97, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985)). A civil RICO action

requires a plaintiff to prove more than "but for" causation of injury; it requires proximate causation. *See Beck*

*v. Prupis,* 162 F.3d 1090, 1095-96 (11th Cir.1998) (citing *Holmes v. Securities Investor Protection Corp.,*

503 U.S. 258, 268, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992)), *cert. granted,* --- U.S. ----, 119 S.Ct. 2046, 144

L.Ed.2d 213 (1999). " '[A] factor is a proximate cause if it is a substantial factor in the sequence of

responsible causation.' " *Beck,* 162 F.3d at 1096 (quoting *Cox v. Administrator United States Steel &*

*Carnegie,* 17 F.3d 1386, 1399 (11th Cir.1994)); *see also Bivens Gardens Office Bldg. v. Barnett Banks, Inc.,*

140 F.3d 898, 906 (11th Cir.1998) (injuries must be "the direct result of the alleged racketeering activity").

Romine never saw any mold or spoilage in his feed, and he never had to throw any of it away. He

has no evidence that Harvestore caused damage to his feed or livestock. The record does not contain evidence

of any injury or damage to Romine. Even if it did, Romine cannot prove that the alleged wrongful conduct

of A.O. Smith and A.O. Smith Harvestore proximately caused the injury. He never inspected the silo to

determine what caused the feed to blacken in 1998. He never tested the silo to determine if any problems

could be fixed by routine maintenance. While he used the silo, he performed almost no maintenance on it

and never inspected it for leaks.

## III. CONCLUSION

With the exception of Jimmy Romine, the farmers should have discovered the source of their alleged

injuries and that the actions proximately causing their alleged injuries were part of an alleged pattern of

racketeering before June 4, 1994, four years preceding the filing of the civil RICO action. The civil RICO

claims are time-barred. Summary judgment on Jimmy Romine's claim is appropriate because the record fails

to support the injury and causation elements of his case. For the foregoing reasons, we AFFIRM the district

court's order granting summary judgment to A.O. Smith and A.O. Smith Harvestore.

AFFIRMED.